IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony James, #310987, | ) | C/A No.: 2:15-4712-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Governor Nikki Haley, S.C. Governor; | ) | REPORT AND RECOMMENDATION |
| Keith Summey, Mayor of N. Charleston; | ) | |
| and Alan Wilson, Attorney General of | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Anthony James ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate currently incarcerated at McCormick Correctional Institute in the custody of the South Carolina Department of Corrections. He filed this action against South Carolina Governor Nikki Haley, North Charleston Mayor Keith Summey, and South Carolina Attorney General Alan Wilson ("Defendants"), alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint alleging that a private corporation is attempting to purchase a large amount of privately-owned property from homeowners in the Charleston

Heights Community of North Charleston, South Carolina [ECF No. 1 at 3]. Plaintiff alleges 1805 Carlton Street, Lot 3, which has been his residence since 1984, is being targeted by the economic development plan. *Id.* Plaintiff argues that if his family decides not to sell their property it could be taken under South Carolina law "on grounds of economic development." *Id.* Plaintiff claims the home that awaits him on release may be in peril. *Id.* Plaintiff seeks declaratory and injunctive relief. *Id.* at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail,

3

however, than the bald statement that he has a valid claim of some type against the defendant").

Plaintiff provides no factual allegations against Nikki Haley, Keith Summey, or Alan Wilson. In fact, he states that he is not accusing Defendants of violating his family's property rights, but filed the complaint "to ensure that my family is not blindsided by these laws that are in effect that can be sued to violate my families property rights. . . ." [ECF No. 1 at 4].

Further, Plaintiff's claims concerning his family's property are not ripe for federal juridical review because Plaintiff fails to allege a specific, personal injury arising from Defendants' action. *See Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 200–201 (1983) (finding that ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all). Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

January 29, 2016                              Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).